**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD I. FINE,

                Petitioner - Appellant,

   v.

SHERIFF OF LOS ANGELES COUNTY;
et al.,

                Respondents - Appellees.

No. 09-56073

D.C. No. 2:09-cv-01914-JFW-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted December 10, 2009[**]
Pasadena, California

Before: REINHARDT, TROTT and WARDLAW, Circuit Judges.

Richard Fine appeals from the district court's denial of his petition for habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

        [**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court correctly concluded that Los Angeles Superior Court Judge Yaffe's refusal to recuse himself from Fine's contempt proceedings was not "contrary to, or involved an unreasonable application of, clearly established federal law" or an "unreasonable determination of the facts." 28 U.S.C. § 2254(d); *see also Jones v. Ryan*, 583 F.3d 626, 636 (9th Cir. 2009) (de novo review). A judge's failure to recuse himself results in a constitutional violation where "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co.*, 129 S. Ct. 2252, 2257 (2009) (citation and quotation omitted). Fine asserts that Judge Yaffe was intolerably biased because he received employment benefits from Los Angeles County, a party to the underlying litigation. However, unlike the circumstances of *Caperton*, Judge Yaffe's receipt of these benefits did not give him a "direct personal, substantial, pecuniary interest" in the matter. *Id.* at 2259 (citing *Tumey v. Ohio*, 273 U.S. 510 (1927)). Nor was Judge Yaffe so "personally embroiled" that he could not preside impartially. *Crater v. Galaza*, 491 F.3d 1119, 1132 (9th Cir. 2007). Fine's argument that he "exposed" Judge Yaffe for receiving "criminal payments" is belied by a California statute expressly providing that judges "shall continue to receive supplemental benefits from the county or court then paying the benefits." *See* Cal. Gov. Code § 68220; *see also Sturgeon v. County of L.A.*, 84

2

Cal. Rptr. 3d 242 (2008) (rejecting taxpayer's contention that judicial

compensation was an unconstitutional waste or gift of public funds, but finding

that judicial compensation required statutory prescription).

**AFFIRMED.**